(107 App. Div. 445.)

COLEY et al. v. TALLMAN et al.

(Supreme Court, Appellate Division, First Department. September 29, 1905.)

1. GUARDIAN AND WARD—FORECLOSURE OF WARD'S ⅃ ᴠᴅ—FRAUD—SETTING ASIDE SALE.

Where, in a suit to set aside as fraudulent a conveyance in foreclosure, it was shown that plaintiffs were entitled to the property under a will, and that the executor, who was their guardian, procured the sale to be made to his daughter, who paid nothing therefor, but carried out an arrangement made by the executor while guardian by which the necessary money to obtain the property was secured, the court was warranted in setting aside the sale on the ground of fraud.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guardian and Ward, §§ 370–373, 383.]

2. APPEAL—OBJECTIONS NOT MADE BELOW—VARIANCE.

The objection of variance between the pleading and proof cannot be urged for the first time on appeal.

Appeal from Special Term, New York County.

Action by Clarence T. Coley and another against Cornelius H. Tallman, individually and as executor of and trustee under the will of Jacob B. Tallman, deceased, and others. From an interlocutory judgment (88 N. Y. Supp. 896) adjudging that defendants

Cornelius H. Tallman and Stella Bethel hold property as trustees for plaintiffs, and directing an accounting, defendants Cornelius H. Tallman and Stella Bethel appeal. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Robert W. Candler, for appellants.
Eugene Lamb Richards, Jr., for respondents.

INGRAHAM, J. Upon the argument of this appeal it appeared that, upon objection being taken by the appellants to certain evidence, the court reserved its decision as to all objections made by the appellants to the admission or exclusion of evidence, and did not rule thereon until after the trial of the case had been completed and the case submitted for final determination, and that the counsel for said appellants duly excepted. The counsel for the appellants having upon this appeal insisted that this ruling required a reversal of the judgment, at the request of the learned trial justice the record was returned to him for correction, whereupon an order was granted resettling the case by stating that the court reserved its decision with the consent of the respective parties, and that, if the appellants' objections were overruled, the court would give them an exception, to which course the counsel for the appellants consented. The exception to the court's reserving its decision having, by the amendment of the record, been stricken out, we see no error in the record which would justify a reversal of the judgment.

It appeared without substantial dispute that the plaintiffs, who were infants, had under the will of Jacob B. Tallman, deceased, an estate in certain real property known as Nos. 49, 51, and 53 West Fifty-Seventh street, New York City, which was, however, subject to a mortgage held by the Bowery Savings Bank to secure the payment of $150,000, said property being worth between $265,000 and $300,000; that the said Jacob B. Tallman died in the city of New York about the 6th of July, 1892, and the appellant Cornelius H. Tallman, a brother of the testator, was appointed and duly qualified as sole executor, and has since acted as such; that at the time of the death of the testator the plaintiffs were infants under the age of 16 years, and on June 15, 1893, the appellant Cornelius H. Tallman was appointed general guardian of the plaintiffs, entered into possession of the said real estate, and received the rents and profits thereof, amounting to from $19,000 to $21,000 per year, and continued in such possession until the sale under the judgment of foreclosure on the 31st of January, 1900; that prior to the 26th of November, 1898, the appellant Tallman had failed to pay the interest that had become due on the mortgage to secure the sum of $150,000 held by the Bowery Savings Bank, although he had been in receipt of all the rents received from said property, neither of the plaintiffs then being of age and said Tallman being the general guardian of the plaintiffs, whereupon an action was commenced to

foreclose the said mortgage, and which resulted in a final judgment entered on the 20th day of December, 1899. The property was sold under this judgment on July 31, 1900, at which time the total amount due, including interest and costs, appears to have been $181,906.97. In December, 1898, the defendant Tallman had obtained an agreement for a loan, secured by a mortgage on the said property, of $175,000, and subsequently obtained a loan of $25,000, secured by a second mortgage. He had thus secured more than sufficient to discharge all the mortgages and liens on the property, and he could then have purchased the property on behalf of his wards, and so protected them. It is possible, under the circumstances, that he was under no obligation to make the purchase for the plaintiffs; but there is one thing he could not do—that is, secure a title to his wards' property for his own benefit. Yet this is just what he attempted to do. That the title of the property was taken in the name of the appellant Bethel at the instigation of the appellant Tallman is clear from the evidence. She was his daughter, paid nothing for the property, simply carried out the arrangement that Tallman had made by which the money necessary to obtain the property was secured, and then executed and delivered a deed with the grantee's name in blank to Tallman's attorney. Such a transaction, when questioned by the wards whose property has been taken from them and acquired by their guardian, is so clearly a violation of the guardian's duty that it is only necessary to state the relation that existed to entitle the wards to a reconveyance of the property.

The appellants, however, insist that the cause of action set up in the complaint is based upon a conspiracy between the defendant Tallman, as executor and trustee under the will of Jacob B. Tallman, deceased, and the other defendants, and that the plaintiffs could only recover upon that theory, and not upon the violation of a duty arising from the relation of guardian and ward. The complaint, however, alleges that "thereafter the said Cornelius H. Tallman wrongfully, and in violation of said trust respecting said real property, and desiring and intending to evade the provisions of the will, whereby this property was specifically devised to the plaintiffs herein, and intending and desiring to deprive them of their interest and estate in said property, and to convert the same to his own use, agreed with the Bowery Savings Bank," etc. Upon the trial the plaintiffs offered in evidence the orders appointing the defendant Tallman general guardian of the plaintiffs, which were received without objection. At the end of the plaintiffs' case, and also at the end of the defendants' case, the attention of the court was not called to any variance between the cause of action as alleged in the complaint and the proof; the appellants moving to dismiss the complaint on the ground that the plaintiffs had not proven any facts whatever sufficient to constitute a cause of action. We think, upon the conceded facts, the plaintiffs were entitled to the judgment which was granted, and that this objection is not available when first taken on appeal.

The other points insisted on by the appellants have been considered, but we do not think that they require discussion, in view of the conclusion at which we have arrived that on the conceded facts the plaintiffs were entitled to the judgment appealed from.

It follows that the judgment should be affirmed, with costs. All concur.